IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ROY HURT, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| TELAID INDUSTRIES, INC., | : | |
| | : | |
| Defendant. | : | |

---

## COMPLAINT

---

Plaintiff William Roy Hurt ("Hurt"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Telaid Industries, Inc. ("Telaid") and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is an FLSA case. Telaid is Hurt's former employer.  Telaid originally misclassified Hurt as an independent contractor and failed to pay him one and one half times his regular rate for work performed over forty hours in any workweek. Telaid reclassified Hurt as an employee in January 2015, but continued to deny him an overtime premium.

2.

Plaintiff also asserts claims against Telaid for its repeated and fraudulent filing of IRS Forms 1099 in lieu of IRS Form W2 concerning the compensation it paid him, in violation of 26 U.S.C. § 7434.

**A.    Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Telaid is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**B.    The Parties**

5.

Hurt resides in Gwinnett County, Georgia.

6.

Telaid employed Hurt as an IT analyst from June 2010 until February 23, 2016.

7.

At all times during the three years immediately prior to the initiation of this action until February 23, 2016 ("the Relevant Time Period"), Hurt was an "employee" of Telaid as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

Telaid is a corporation organized under the laws of the State of Georgia.

9.

At all times during the Relevant Time Period, Telaid was an "employer" of Hurt as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

Telaid is subject to the personal jurisdiction of this Court.

11.

Telaid may be served with process through its registered agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, Georgia 30092.

**C.    Individual Coverage:**

12.

From on or about March 2013 until February 23, 2016, Hurt was "engaged in commerce" as an employee of Telaid as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**D.     Enterprise Coverage:**

13.

From March 2013 until February 23, 2016, Telaid was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

During 2013, Telaid had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2014, Telaid had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2015, Telaid had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2016, Telaid had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, Telaid had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2014, Telaid had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2015, Telaid had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2016, Telaid had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Telaid had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, Telaid had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, Telaid had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2016, Telaid had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

At all times material hereto, Telaid was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**E.      White Collar Exemptions**

27.

At all times material hereto, Hurt was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

28.

At all times material hereto, Telaid paid Hurt on an hourly basis.

29.

At all times material hereto, Telaid did not employ Hurt in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Telaid did not employ Hurt in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

At all times during the Relevant Time Period, Hurt did not have a primary duty that required the exercise independent judgment and discretion with relation to matters of significance on behalf of Telaid or its customers.

32.

At all times during the Relevant Time Period, Hurt' discretion in making decisions was limited and circumscribed by the policies and procedures set out by Telaid and its clients.

33.

At all times material hereto, Telaid did not employ Hurt in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

34.

At all times during the Relevant Time Period, Hurt did not have a primary duty of managing the enterprise.

35.

At all times during the Relevant Time Period, Hurt did not supervise two or more employees.

36.

At all times during the Relevant Time Period, Telaid did not employ Hurt in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## F.    Misclassification as an Independent Contractor

37.

At all times during the five years preceding the initiation of this action until December 31, 2014 ("the §7434 Period"), the work Hurt performed formed an integral part of Telaid's business of providing technology driven site solutions.

38.

At all times during the §7434 Period, Telaid provided written instructions to Hurt as to the specific manner in which he was to perform him duties.

39.

At all times during the §7434 Period, Telaid required Hurt to comply with its written instructions as to the specific manner in which he was to perform his duties.

40.

At all times during the §7434 Period, Telaid required Hurt to comply with its verbal instructions about how he was to perform his duties.

41.

At all times during the §7434 Period, Telaid, provided instruction to Hurt so that he would perform his job duties for Telaid in the particular manner that Telaid required.

42.

At all times during the §7434 Period, Telaid provided verbal instructions to Hurt as to the specific manner in which he was to perform his duties.

43.

At all times during the §7434 Period, Telaid required Hurt to comply with its verbal instructions as to the specific manner in which he was to perform his duties.

44.

At all times during the §7434 Period, Hurt's work and services were integrated into Telaid's business operations and were important to the success and continuation of Telaid's business.

45.

At all times during the §7434 Period, Telaid required Hurt to perform his services for Telaid personally and did not permit him to hire, supervise, or pay employees of his own to perform the services that he provided to Telaid.

46.

At all times during the §7434 Period, Telaid determined the order or sequence in which Hurt was required to perform tasks.

47.

At all times during the §7434 Period, Telaid required Hurt to submit "turnover reports" to Telaid concerning his work for Telaid.

48.

At all times during the §7434 Period, Telaid supplied Hurt with a company email address that Hurt utilized to perform his work for Telaid.

49.

Telaid supplied Hurt with computer equipment that Hurt utilized in the performance of his duties for Telaid.

50.

At all times during the §7434 Period, Hurt was required to log into Telaid's database at the beginning of each shift in order to perform duties on behalf of Telaid.

51.

At all times during the §7434 Period, Hurt did not make or maintain a significant investment in the equipment that he used in performing his work for Telaid.

52.

At all times during the §7434 Period, Hurt was not able to earn any profit or suffer any loss other than by earning hourly wages for the time he worked for Telaid.

53.

At all times during the §7434 Period, Telaid required that Hurt's services be exclusively available to Telaid.

54.

At all times during the §7434 Period, Telaid's IT department provided troubleshooting regarding computer related problems that Hurt encountered in his work on behalf of Telaid.

55.

At all times during the §7434 Period, Telaid determined the hours and schedule in which it required Hurt to work.

56.

At all times during the §7434 Period, Telaid required Hurt to log-in at the beginning of each shift.

57.

At all times during the §7434 Period, Telaid required Hurt to work full time for Telaid.

58.

At all times during the §7434 Period, Telaid required that all ideas, know-how, processes, equipment, documents, designs, models, inventions copyrightable material and other tangible and intangible materials which Hurt authored, prepared, created, made, delivered, conceived or reduced to practice in whole or in part in the course of working for Telaid were and would remain the sole and exclusive property of Telaid.

59.

At all times during the §7434 Period, Telaid required that all ideas, know-how, processes, equipment, documents, designs, models, inventions copyrightable material and other tangible and intangible materials which Hurt authored, prepared, created, made, delivered, conceived or reduced to practice in whole or in part in the course of working for Telaid would be considered works made for hire.

60.

At all times during the §7434 Period, Telaid required; Hurt assign to Telaid , and waive for himself, any rights to the all ideas, know-how, processes, equipment, documents, designs, models, inventions copyrightable material and other tangible and intangible materials which Hurt authored, prepared, created, made, delivered, conceived or reduced to practice in whole or in part in the course of working for Telaid.

61.

At all times during the §7434 Period, Telaid reserved the right to terminate Hurt's employment at any time, at its own convenience without incurring any liability except for the work performed and expenses already incurred before the termination.

62.

At all times during the §7434 Period, Telaid recognized Hurt's rights to resign his employment at will.

63.

At all times during the §7434 Period, Hurt was closely supervised by a Telaid supervisor.

### G.    Willfulness

64.

At all times during the Relevant Time Period, Telaid was aware of the Fair Labor Standards Act requirement that it compensate non-exempt employees at one and one-half times their regular rates for all time that it suffered or permitted them to work more than forty hours in a workweek.

65.

At all times during the Relevant Time Period, Telaid was aware that the facts of Hurt's employment circumstances did not meet the standards required for properly

classifying workers as independent contractors under federal case law, regulations, and guidelines.

66.

At all times during the Relevant Time Period, Telaid was aware that Hurt was completely dependent upon Telaid for his livelihood.

67.

At all times during the Relevant Time Period, Telaid was aware that it exercised control over the terms and conditions of Hurt's work.

68.

At all times during the Relevant Time Period, Telair was aware that, as a matter of economic reality, Hurt was an employee within the meaning of the Fair Labor Standards Act.

69.

Telaid did not rely on the advice of legal counsel when it determined that Hurt should properly be classified as an independent contractor rather than as an employee.

70.

Telaid did not rely on the advice of legal counsel when it continued to classify Hurt as an independent contractor rather than as an employee.

Page 14

71.

Telaid did not rely on any opinion, rule, or regulation propounded by the U.S. Department of Labor when it classified Hurt as an independent contractor rather than an employee.

72.

Telaid did not rely on any opinion, rule, or regulation propounded by the U.S. Department of Labor when it continued to classify Hurt as an independent contractor rather than an employee.

73.

Telaid classified Hurt as an independent contractor rather than as an employee in order to avoid paying him at one-and-one-half times him regular rate for worked in excess of forty hours in a workweek.

74.

Telaid willfully classified Hurt as an independent contractor rather than as an employee in order to avoid paying him at one-and-one-half times him regular rate for worked in excess of forty hours in a workweek.

## H.    Fraudulent Filing Of Tax Information

75.

In 2012, Telaid filed an IRS Form 1099-MISC with the Internal Revenue Service with respect to all compensation that it paid Hurt during tax year 2011.

76.

The IRS Form 1099-MISC that Telaid filed with the Internal Revenue Service in 2012 purported that all compensation that Telaid paid Hurt during tax year 2011 was "nonemployee compensation."

77.

Telaid intentionally and willfully filed an IRS Form 1099-MISC with the Internal Revenue Service purporting that all compensation that it paid Hurt during tax year 2011 was "nonemployee compensation." for the purpose of its own enrichment and to avoid payment of taxes, including but not limited to payroll taxes, worker's compensation taxes, and unemployment taxes.

78.

In 2013, Telaid filed an IRS Form 1099-MISC with the Internal Revenue Service with respect to all compensation that it paid Hurt during tax year 2012.

79.

The IRS Form 1099-MISC that Telaid filed with the Internal Revenue Service in 2013 purported that all compensation that Telaid paid Hurt during tax year 2012 was "nonemployee compensation."

80.

Telaid intentionally and willfully filed an IRS Form 1099-MISC with the Internal Revenue Service purporting that all compensation that it paid Hurt during tax year 2012 was "nonemployee compensation." for the purpose of its own

enrichment and to avoid payment of taxes, including but not limited to payroll taxes, worker's compensation taxes, and unemployment taxes.

81.

In 2014, Telaid fraudulently filed an IRS Form 1099-MISC with the Internal Revenue Service purporting that all compensation that all compensation it paid Hurt during tax year 2013 was "nonemployee compensation."

82.

In 2014, Telaid filed an IRS Form 1099-MISC with the Internal Revenue Service with respect to all compensation that it paid Hurt during tax year 2013.

83.

Telaid intentionally and willfully filed an IRS Form 1099-MISC with the Internal Revenue Service purporting that all compensation that it paid Hurt during tax year 2013 was "nonemployee compensation." for the purpose of its own enrichment and to avoid payment of taxes, including but not limited to payroll taxes, worker's compensation taxes, and unemployment taxes.

84.

In 2015, Telaid filed an IRS Form 1099-MISC with the Internal Revenue Service with respect to all compensation that it paid Hurt during tax year 2014.

85.

The IRS Form 1099-MISC that Telaid filed with the Internal Revenue Service in 2015 purported that all compensation that Telaid paid Hurt during tax year 2014 was "nonemployee compensation."

86.

Telaid intentionally and willfully filed an IRS Form 1099-MISC with the Internal Revenue Service purporting that all compensation that it paid Hurt during tax year 2011 was "nonemployee compensation." for the purpose of its own enrichment and to avoid payment of taxes, including but not limited to payroll taxes, worker's compensation taxes, and unemployment taxes.

## COUNT 1 - FAILURE TO PAY OVERTIME

87.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

88.

At all times during the Relevant Time Period, Hurt was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

89.

At all times during the Relevant Time Period, Hurt regularly worked in excess of forty (40) hours each week.

90.

At all times during the Relevant Time Period, Hurt regularly worked through his scheduled meal break.

91.

At all times during the Relevant Time Period, Telaid was aware that Hurt often worked through his scheduled meal break.

92.

At all times during the Relevant Time Period, Telaid paid Hurt the equivalent of forty hours pay at his regular rate each work week.

93.

At all times during the Relevant Time Period, Telaid paid Hurt the equivalent of forty hours pay at his regular rate regardless of the number of hours Hurt actually worked during each work week.

94.

At all times during the Relevant Time Period, Telaid promised Hurt that it would provide him "compensatory time" off in lieu of overtime wages.

95.

At all times during the Relevant Time Period, Telaid provided Hurt with "compensatory time" off in lieu of overtime wages.

96.

At all times during the Relevant Time Period, Telaid provided Hurt with "compensatory time" off in lieu of overtime wages in workweeks subsequent to the workweeks in which Hurt worked the corresponding overtime.

97.

At all times during the Relevant Time Period, Telaid applied its "compensatory time" scheme in order to evade the FLSA's maximum hours requirements.

98.

At all times during the Relevant Time Period, Telaid willfully applied its "compensatory time" scheme in order to evade the FLSA's maximum hours requirements.

99.

At all times during the §7434 Period, Telaid classified Hurt as independent contractor.

100.

At all times during the §7434 Period, Telaid willfully classified Hurt as independent contractor.

101.

At all times during the §7434 Period, Telaid classified Hurt as an independent contractor in an attempt to evade the FLSA's maximum hours requirements.

102.

Telaid failed to compensate Hurt at one and one half times his regular rate for all work he performed in excess of forty (40) hours in each work week during the Relevant Time Period.

103.

Telaid willfully failed to properly compensate Hurt at one and one half times his regular rate for work he performed in excess of forty (40) hours during the Relevant Time Period.

104.

Hurt is entitled to payment of his due but unpaid overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

105.

As a result of the underpayment of overtime compensation as alleged above, Hurt is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

106.

As a result of the underpayment of overtime compensation as alleged above, Hurt is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 2 – CIVIL DAMAGES FOR
## FRAUDULENT FILING OF INFORMATION RETURNS (26 U.S.C. § 7434)

107.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

108.

At all times during the §7434 Period, Hurt was an employee of Telaid.

109.

At all times during the §7434 Period, Telaid classified Hurt as an independent contractor.

110.

At all times during the §7434 Period, Telaid misclassified Hurt as an independent contractor.

111.

At all times during the §7434 Period, Telaid has intentionally, willfully, and fraudulently misclassified Hurt as an independent contractor.

112.

As a consequence of Telaid's willful filing of fraudulent tax information returns, Hurt is entitled to recover damages from Telaid up to and including any actual damages sustained, or in any event not less than $5,000 per fraudulent filing,

as well as his costs of litigation including his reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434.

WHEREFORE, Plaintiff respectfully prays:

1. That Hurt's claims be tried before a jury;

2. That Hurt be awarded an amount to be determined at trial in due but unpaid overtime compensation against Telaid;

3. That Hurt be awarded liquidated damages in an amount equivalent to his due but unpaid overtime compensation against Telaid;

4. That Hurt be awarded no less than $5,000 for each fraudulent tax information return filed with respect to his by Defendant between 2012 and 2016;

5. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees against Telaid; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER          /s/CHARLES R. BRIDGERS
101 MARIETTA STREET            CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303         GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)             /s/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com     GA. BAR NO. 262375

                               COUNSEL FOR PLAINTIFF