# **EXHIBIT "A"**

## FLSA SETTLEMENT AGREEMENT AND RELEASE
### (the "FLSA Settlement Agreement")

**Telaid Industries, Inc. ("Telaid")** and **William Hurt**, (William Hurt and his heirs, executors, administrators, successors, and assigns are collectively referred to throughout this FLSA Settlement Agreement as "Employee"), agree that:

1. **Last Day of Employment.** Employee's last day of employment with Telaid was on or about February 23, 2016 ("Separation Date").

2. **Consideration.** In consideration for signing this FLSA Settlement Agreement, and complying with its terms:

   a. Subject to approval of the terms of this FLSA Settlement Agreement by the United States District Court for the Northern District of Georgia in connection with the case captioned *William Roy Hurt v. Telaid Industries, Inc.*, Case No. 1:16-cv-01058-ELR (N.D. Ga.) (the "Action"), Telaid agrees to pay a total of Twenty Thousand Dollars and Zero Cents ($20,000.00), to be apportioned and paid as follows:

      i. Five Thousand Dollars and Zero Cents ($5,000.00) as W-2 wages, less lawful deductions, will be paid to Employee within the later of: (1) ten (10) business days after counsel for Telaid receives a signed original of this FLSA Settlement Agreement; and (2) the Northern District of Georgia's approval of the parties' FLSA Settlement Agreement.

      ii. Four Thousand Dollars and Zero Cents ($4,000.00) as 1099 "Other Income," will be paid to Employee within the later of: (1) ten (10) business days after counsel for Telaid receives a signed original of this FLSA Settlement Agreement; and (2) the Northern District of Georgia's approval of the parties' FLSA Settlement Agreement; and

      iii. Eleven Thousand Dollars and Zero Cents ($11,000.00), will be paid to DeLong, Caldwell, Bridgers and Fitzpatrick within the later of: (1) ten (10) business days after counsel for Telaid receives a signed original of this FLSA Settlement Agreement; and (2) the Northern District of Georgia's approval of the parties' FLSA Settlement Agreement.

   b. The Parties agree that any change in the foregoing allocation or amounts ordered by the United States District Court for the Northern District of Georgia shall not impact the enforceability of this FLSA Settlement Agreement so long as Telaid is required to pay no more or no less than a total of Twenty Thousand Dollars and Zero Cents ($20,000.00).

   c. Employee agrees to take all action necessary to seek approval of the terms of this FLSA Settlement Agreement by the United States District Court for the Northern District of Georgia, and agrees to take all action necessary to have all claims in the Action withdrawn and dismissed with prejudice.

3. **No Consideration Absent Execution of this FLSA Settlement Agreement.** Employee understands and agrees that Employee would not receive the monies

and/or benefits specified in paragraph "2" above, except for Employee's execution of this FLSA Settlement Agreement and the fulfillment of the promises contained herein.

4. **Release. Claims Not Released and Related Provisions**.

a. **Release of FLSA and Wage and Hour Claims.** Employee knowingly and voluntarily releases and forever discharges Telaid, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this FLSA Settlement Agreement as "Releasees"), from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him which he may now have against them, either individually, jointly, or severally, expressly limited to only his claims under the Fair Labor Standards Act ("FLSA") or any state or local wage and hour law for payment of overtime hours worked up to the date of this FLSA Settlement Agreement, all liquidated damages that he may be entitled to under the FLSA or any state or local wage and hour law for alleged non-payment of overtime hours worked, and any other award, recovery, damages or compensation that he may be entitled to under the FLSA or any state or local wage and hour law for overtime hours worked.

b. **Claims Not Released.** Employee is not waiving any rights he may have to: (a) his own vested accrued employee benefits under Telaid's health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this FLSA Settlement Agreement; and/or (e) challenge the validity of this Agreement.

c. **Governmental Agencies.** Nothing in this FLSA Settlement Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this FLSA Settlement Agreement preclude, prohibit, or otherwise limit, in any way, Employee's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

d. **Attorney's Fees.** Employee agrees to release, waive and forever discharge any and all claims against the Releasees for attorney's fees and costs pursuant to the Fair Labor Standards Act, and/or any other federal, state or local statute or ordinance. This

release does not extinguish Telaid's obligation to pay the attorney's fees and costs amount stated above in Section 2(a)(iii) if the Court approves this settlement.

5. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Telaid except Case No. 1:16-cv-01058-ELR pending in United States District Court, Northern District of Georgia.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Telaid and will continue to maintain the confidentiality of such information consistent with Telaid's policies and Employee's agreement(s) with Telaid and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Telaid or its officers, including any allegations of corporate fraud.

Employee shall not apply in the future for employment with Telaid because of, among other things, irreconcilable differences with Telaid.

6. **Limited Disclosure and Return of Property.** Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this FLSA Settlement Agreement, except to the Court, Employee's spouse, tax advisor, an attorney with whom Employee chooses to consult regarding Employee's consideration of this FLSA Settlement Agreement and/or to any federal, state or local government agency.

Employee affirms that Employee has returned all of Telaid's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Telaid's premises and that Telaid is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This FLSA Settlement Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this FLSA Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this FLSA Settlement Agreement and/or to seek any damages for breach. Should any provision of this FLSA Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall

immediately become null and void, leaving the remainder of this FLSA Settlement Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this FLSA Settlement Agreement nor the furnishing of the consideration for this FLSA Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, and the Releasees, and each of them, specifically deny any wrongdoing whatsoever.

9. **Amendment.** This FLSA Settlement Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this FLSA Settlement Agreement.

10. **Non-disparagement.** Employee agrees that he shall not make any oral or written statements that disparage or defame Releasees in any forum, including but not limited to the media or through social media.

11. **Entire Agreement.** This FLSA Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, with the sole exception of the separate Settlement Agreement entered into contemporaneously herewith in connection with a general release and the non-FLSA claim asserted against Telaid (hereinafter "Separate Settlement Agreement"). Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this FLSA Settlement Agreement, except for those set forth in this FLSA Settlement Agreement and in the Separate Settlement Agreement.

12. **Counterparts.** The Parties acknowledge and agree that this FLSA Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument. One or more counterparts of this FLSA Settlement Agreement may be delivered via facsimile or electronic pdf transmission, with the intention that they shall have the same effect as the original counterpart thereof.

The Parties knowingly and voluntarily sign this FLSA Settlement Agreement as of the date(s) set forth below:

By: _William Hurt_
William Hurt

Date: 2/2/17

Telaid Industries, Inc.

By: _Barbara Campo_
Barbara Campo

Date: 2-28-17

4